AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

FILED
APR 2 2 2019
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

| | |
|---|---|
| In the Matter of the Search of <br> *(Briefly describe the property to be searched or identify the person by name and address)* <br> 1214 Stafford Drive, Princeton, West Virginia 24740 | ) ) ) ) ) ) ) Case No. 1:19-mj-0012 |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Southern_____ District of _____West Virginia_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _____ *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Omar J. Aboulhosn_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: April 22, 2019

_____
*Judge's signature*

City and state: Charleston, WV

Omar J. Aboulhosn, United States Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: 1:19-mj-0012 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

  I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

                   _____
                       *Executing officer's signature*

                   _____
                        *Printed name and title*

## ATTACHMENT A

<u>LOCATIONS TO BE SEARCHED</u>

1. The business location of Smoke House of Grantsboro, dba Princeton Tobacco and Vape Outlet is located at 1214 Stafford Drive, Princeton, West Virginia, which is in the Southern District of West Virginia. This location is further described as a retail store, with large glass windows containing numerous tobacco advertisements, and a glass and metal door front entrance facing Stafford Drive. This building has red, white and blue trim and is pictured below.



1

# ATTACHMENT B
## I.　ITEMS TO BE SEIZED

1.　Evidence, contraband, fruits, or instrumentalities of violations of The Food Drug and Cosmetics Act, namely: Title 21 U.S.C. 331(a), including, but not limited to:

　　a.　Adulterated, Misbranded products to include any products deemed to be Unapproved New Drugs, supplements, dietary supplements, any and all controlled dangerous substances to include non-prescription drugs;

　　b.　Business and/or personal records of product transactions and financial records and other records or documents reflecting diversion activity or the disposition of proceeds of any specified unlawful activity;

　　c.　Retained copies of federal, state, and local corporate, partnership, business, and personal income tax returns, including forms 1040, 1120, 1065, 1120 S; Forms W-2; Forms 1099; tax records; any supporting documentation, work papers and attachments; and any correspondence to/from taxing agencies;

　　d.　Notes of financial transactions *and/or* drug products transactions;

　　e.　Correspondence, *including electronic mail transmissions, letters, faxes, and notes,* relating to financial transactions *and/or* pharmaceutical products transactions, including the identification of customers, suppliers, associates, partners and co-conspirators;

　　f.　Bank records, including deposit slips, cancelled checks, withdrawal slips, and account statements, investment records, including brokerage statements, and credit and debit card records;

　　g.　Currency, bank checks, cashier's checks, negotiable financial instruments, wire transfer documentation, money orders, stocks, bonds, precious metals, and real estate records; and/or work sheets, tally sheets or ledger sheets reflecting or accounting for money received, disbursed or exchanged.

  h.  Financial statements, income statements, balance sheets, loan applications, cash receipts, cash disbursements, payroll, inventory, and journals and records; and any supporting work papers, schedules, attachments or documents, records of financial payments paid and received, records of personal and business expenses, safe deposit records and keys;

  i.  Post office box and private mail box records;

  j.  Transportation and/or shipment records, including but not limited to, accounts, bills, receipts and invoices, bills of lading, airway bills, freight bills, air cargo bills, dispatch records, logs, manifests, shipping documents, and invoices;

  k.  Credit applications, credit card statements and receipts;

  l.  Paper tickets, notes, schedules, receipts, and other items relating to travel;

  m.  Cellular and landline telephone statements and records;

  n.  Records that identify customers, suppliers, associates partners, and/or co-conspirators, including, but not limited to: address books, telephone books, rolodexes, telephones, pagers, or personal digital assistants with stored telephone information, notes reflecting telephone and pager numbers, photographs (to include still photos, negatives, movies, slides, video tapes), and recordings of conversations, including those made over telephone answering machines;

  m.  Identification documents, to include driver's license, passports, passport applications, visas, visa applications or similar documents and representative exemplars or original handwriting samples;

  n.  Indicia of occupancy, residency, and/or ownership of the premises, property and/or vehicles, including keys, photographs, or documents;

  o.  Documents showing custody and control of the premises or room where evidence is seized, including, but not limited to, utility and other bills, driver's licenses, passports, visas and other handwritten notes or other correspondence addressed to or from the occupants of the premises or room.

    p. Items and paraphernalia for the manufacturing, distributing, packaging, sale, or weighing of pharmaceutical or related products, including scales and other weighing devices, plastic baggies, plastic bottles, glass bottles, sealing devices, packaging materials, master or bulk product containers, and money counters;

    q. Any device used to facilitate the above-listed violations (and forensic copies thereof).